**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**AMARILLO DIVISION**

| | | |
|---|---|---|
| LORAN MICHA ALEXANDRE a/k/a MICHAEL ALEXANDER, | § § § | |
| PLAINTIFF, | § § | CIVIL ACTION CAUSE NUMBER |
| v. | § § | 2:09-CV-0166-J |
| ARNOLD SCHWARZENEGGER, et al., | § § | |
| DEFENDANTS. | § § | |

## MEMORANDUM OPINION AND ORDER

Defendants Arnold Schwarzenegger, James Tilton, and the California Dept. of Corrections and Rehabilitation moved on October 1, 2009, for dismissal of all claims against them because of a lack of personal jurisdiction, improper venue, failure to properly serve Defendants Schwarzenegger and Tilton, and because of the bars of limitations and sovereign immunity. Plaintiff has filed a response in opposition, and Defendants a reply. Defendants' motion is granted in part as follows.

*Pro se* Plaintiff Loran Micha Alexandre a/k/a Michael Alexander brings this civil rights case alleging a violation of civil rights arising out of Plaintiff's incarceration in the California prison system, specifically, in Folsom and San Quentin prisons. Plaintiff seeks statutory, compensatory and punitive damages in the minimum amount of $268,875,000.00 dollars and specific injunctive relief. Defendants are all citizens and residents of the State of California. Defendants are sued in their official capacities only. All of the allegedly unconstitutional actions occurred in California.

Due process requires that a nonresident defendant have certain minimum contacts with the forum state before he will be subject to its jurisdiction. *Burger King v. Rudzewicz*, 471 U.S. 462, 471, 105 S.Ct. 2174, 85 L.Ed.2d 528, 540 (1985); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987). Due process thus requires that "in order to subject a defendant to a judgment *in personam*, if he be not present withing the territory of the forum, he must have certain minimum

contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington*, 326 U.S. 309, 316, S.Ct. 90 L.Ed.2d 95, 102 (1945).  Plaintiff bears the burden of establishing the trial court's personal jurisdiction over the non-resident defendant. *DeMelo v. Touche Marine, Inc.,* 711 F.2d 1260, 1271 (5th Cir. 1983).

Plaintiff has not met the burden of establishing personal jurisdiction over any Defendant herein.  No facts have been cited showing personal jurisdiction over any Defendant named herein.  Further, venue in this Court is improper.  Retaining Texas attorneys does not establish venue.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in: (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1398(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C.A. § 1406(a).  Plaintiff having cited the pendency of state-court lawsuits in California as a counter to Defendants' limitations defense, in the interest of justice this case will not be dismissed but is instead transferred to the district in which it could have been brought.

This case is hereby ordered transferred to the U.S. District Court for the District of California wherein Folsom and/or San Quentin prison is located.

It is SO ORDERED.


Signed this the 28th day of October, 2009.



           /s/ MARY LOU ROBINSON
           **MARY LOU ROBINSON**
           UNITED STATES DISTRICT JUDGE